JUSTICE GOODWYN, dissenting.
 

 I respectfully dissent. Moseley was charged with two counts of burglary and two counts of grand larceny. I believe the Court of Appeals was correct in concluding, upon viewing the evidence presented at trial in the light most favorable to the Commonwealth, that such evidence is not sufficient to prove beyond a reasonable doubt that Moseley broke and entered the dwelling of Jonathan and Victoria Ellis on or about June 17, 2013 with the intent to commit larceny, or that Moseley stole their property on that day. The same is true concerning its similar conclusion regarding the charges related to the burglary and larceny suffered by the Winsleys on June 3, 2013. The Commonwealth was required to prove the elements of those crimes beyond a reasonable doubt. It failed to do so. I disagree with the majority's conclusion that "the totality of the suspicious circumstances" is enough to prove each element of each charge beyond a reasonable doubt.
 

 The Court of Appeals correctly concluded, the Commonwealth conceded in its argument before the Court of Appeals, and the majority
 assumes in its opinion, that the circumstantial evidence presented in this case does not prove that Moseley had exclusive dominion and control over the stolen property found in Kelton Adams-Elkins' Crown Victoria. Thus, it is undisputed that neither the larceny inference nor the related burglary inference applies.
 
 See supra
 
 n.1.
 

 Assuming that the majority is correct in aggregating the other inferences that can be drawn from the circumstantial evidence related to the disparate crimes, those proper inferences still do not constitute proof beyond a reasonable doubt regarding Moseley's guilt, absent a larceny or burglary inference.
 
 *
 
 In other words, if it may not be inferred, based upon his electric bill and identification card being found in the Crown Victoria along with the stolen items, that Moseley committed the burglaries and the larcenies of those stolen items, all the other inferences and suspicious circumstances, even when stacked upon one another and viewed in the best possible light in favor of the Commonwealth, do not reach the proof beyond a reasonable doubt standard that the Commonwealth was required to satisfy as to each element of each crime charged.
 

 Therefore, I do not believe that the Court of Appeals erred. I would affirm the Court of Appeals for the reasons stated in its unpublished opinion,
 
 Moseley v. Commonwealth
 
 , Record No. 0881-15-1,
 
 2016 WL 3172701
 
 (June 7, 2016).
 

 In its opinion, the Court of Appeals correctly noted:
 

 Once the occurrence of a larceny has been established, the unexplained possession of recently stolen goods permits the fact finder to infer that the possessor is the thief. A variation of the larceny inference also may apply to prove a charge of breaking and entering. Upon proof of a breaking and entering coupled with a simultaneous theft, the exclusive possession of the stolen goods shortly thereafter ... has the same efficiency to give rise to an inference that the possessor is guilty of the breaking and entering.
 

 The inference, however, arises only when the accused has been shown to be in exclusive possession of recently stolen property, regardless of how much other incriminating evidence the Commonwealth has marshalled.
 

 Moseley v. Commonwealth
 
 , Record No. 0881-15-1, slip op. at 7,
 
 2016 WL 3172701
 
 (June 7, 2016) (citations, internal quotation marks and alterations omitted).